UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONELL A. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | Case No. C18-833-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff, a pretrial detainee at the King County Jail in Seattle, Washington, who is proceeding *pro se*, has filed an application to proceed *in forma pauperis* ("IFP") as well as a proposed civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1; Dkt. 1-1. Specifically, plaintiff alleges that his Sixth Amendment right to a speedy trial is being violated, as his trial did not take place within sixty days of when he was charged with domestic violence felony violation of a court order in early November 2017. Dkt. 1-1 at 3. He asserts that although he told his defense attorney to announce in open court that he wanted to exercise his speedy trial rights, the named defendants in his complaint prevented him from having an opportunity "to initially to (sic) confront my witness or witness on my court trial expiration date on 1-22-18."

REPORT AND RECOMMENDATION
PAGE - 1

*Id.* Plaintiff asserts that he "did not sign any court continuance or sign any reschedule hearings to postpone my 60 day speedy trial expiration date on 1-17-18." *Id*. at 4. Plaintiff asks the Court "to release my liberty interest freedom," and further asks for "a dismissal in my criminal case no. 17-1-07831-6" along with monetary damages. *Id*. Plaintiff names the State of Washington Superior Court of King County, Judge Bill Bowman, Prosecuting Attorney Kelsey K. Schirman, Defense Attorney Scott Schmit, and Prosecuting Attorney Daniel Satterberg as defendants.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v.Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff's proposed complaint does not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings.

After reviewing plaintiff's proposed complaint, this Court determined that plaintiff had not stated a cognizable ground for relief under § 1983 and therefore ordered plaintiff to show cause why this case should not be dismissed with prejudice for failure to state a cognizable ground for relief. Dkt. 3. Plaintiff was advised in the Order to Show Cause that resolution of the claims asserted in his complaint would necessarily result in this Court becoming involved in his ongoing state court proceedings, and that pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. Plaintiff was further advised that his complaint did not reveal any extraordinary circumstances which would justify this Court's intervention in his ongoing state court criminal proceedings.

Although plaintiff timely responded to the Court's Order to Show Cause on September 4, 2018, he was unable to cure the deficiencies in his proposed complaint. Dkt. 7. Once again, plaintiff has not identified any extraordinary circumstances which would justify this Court's intervention in those proceedings. Accordingly, plaintiff has not alleged a cognizable ground for relief under § 1983, and this action must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable ground for relief, and that plaintiff's IFP motion, Dkt. 1, is DENIED as MOOT.

A proposed order accompanies this Report and Recommendation. The Clerk is directed to send copies of this Order to plaintiff and to the Honorable James P. Donohue.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 8, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be

noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 9, 2018.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation

DATED this 18th day of October, 2018.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge